# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAFAEL TORRES-CHAVEZ, *et al.*,

    Petitioners,

v.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Respondents.

Case No. 2:08-cv-00873-LDG (RJJ)

**ORDER**

    The petitioners, Rafael Torres-Chavez, Rosario Torres-Moreno, Luis Miguel Torres-Moreno, Hugo Rafael Torres-Moreno, and Priscilla Viridiana Torres-Moreno, initiated this action by filing a complaint for mandamus. They allege that they timely and properly delivered to the respondents an I-485 application for adjustment of status under the Legal Immigration Family Equity Act ("Life Act") for Rafael Torres-Chavez, and I-817 Applications for Family Unity for the remaining petitioners. However, though they timely delivered the applications to the respondents, the respondents improperly refused to accept the filings. For relief, the petitioners seek to compel respondents to accept and fee in their applications as timely filed on the date the applications were properly delivered to respondents.

1  The respondents move to dismiss (#57) the petitioners' complaint.  They argue
2  dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of
3  subject-matter jurisdiction.  They further assert that, as to the now-adult children
4  petitioners, dismissal is warranted pursuant to Rule 12(b)(6) as they are now statutorily
5  ineligible for the relief they ultimately seek.  The petitioners oppose the motion, and the
6  respondents have replied.  Having considered the papers and pleadings, the Court will
7  deny the motion to dismiss.

Subject-Matter Jurisdiction

A defendant may move pursuant to Rule 12(b)(1) to dismiss a complaint for lack of subject-matter jurisdiction.  When such a motion is made, the plaintiff bears the burden of establishing that the court has the requisite subject-matter jurisdiction to grant the relief requested.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A court must dismiss a complaint if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually."  *Thornhill Pub 'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  When a defendant challenges a complaint for lack of subject-matter jurisdiction facially, a court must take as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff.  *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The crux of respondents' argument is that the petitioners have "utterly fail[ed] to support their position [sic] Defendants have a ministerial, non-discretionary duty to accept a late-filed application."  Pursuant to 28 U.S.C. § 1361, district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an extraordinary remedy, available only in extraordinary circumstances, *see In re United States*, 10 F.3d 931, 933 (2d Cir. 1993), and will be granted only if petitioner

shows, (1) "no other adequate means to attain the relief he desires," (2) his right to the writ is "clear and indisputable," and (3) there is a plainly defined and peremptory duty on behalf of defendants to do the act in question. *Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81 (2004) (internal quotation marks and citations omitted).

As the Supreme Court has explained, a plaintiff's right to mandamus must be "clear and indisputable," *Allied Chemical, Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980), and the defendant must owe the plaintiff "a clear non-discretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984). This standard applies no less rigorously in the immigration context. *See, e.g., Sze v. INS*, 153 F.3d 1005 (9th Cir. 1998).

The respondents' argument fails as it misstates the relief sought by the petitioners. The petitioners do not seek to compel the respondents to accept and act upon late-filed applications. Rather, the petitioners seek to compel the respondents to accept and act upon their applications that, on two separate occasions, they properly and *timely* delivered to the respondents, but which applications the respondents improperly rejected.[1] The respondents have offered no argument suggesting that they do not have a duty to accept proper and timely-delivered applications. Neither do the respondents offer any argument that, by improperly rejecting and returning the timely-delivered applications, they extinguished their duty to accept the timely-delivered applications.

In their reply, the respondents argue that the petitioners, by asserting in their opposition that the respondents failed in their duty to accept and adjudicate the timely April 2003 filings, have re-cast the relief sought in their complaint. The respondents' argument

---

[1] The respondents allege they first delivered their applications to respondents' Chicago office in April 2003, prior to the June 2003 deadline. That office (apparently failing to recognize the applications were proprely filed under the Life Act) rejected the applications. The Rejection Notice instructed the petitioners to file their applications at the "local" immigration office. The respondents followed these additional instructions of the respondents, delivering their applications to the local office later in April 2003. However, the applications were again rejected with further instructions to file the applications in respondents' Laguna Niguel and Mesquite Texas offices.

3

ignores the express relief requested by the petitioners in their complaint: "Compel Respondent and those acting under him <u>to perform their duty to accept and fee in</u> the appropriate applications prior to the filing deadline of June 4, 2003 <u>on the dates those applications were properly delivered into their hands</u>" (emphasis added).   Given the relief requested by the petitioners in their complaint, it is the respondents (and not the petitioners) who have attempted to recast the relief the petitioners seek.  The court will deny the respondents' motion to dismiss for lack of subject-matter jurisdiction.

<u>Failure to State a Claim Upon Which Relief can be Granted</u>

The respondents' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the petitioners' complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

4

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.,* (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.,* at 567.

The respondents argue that the Court should dismiss the complaint as to the adult children because the adult children do not meet the eligibility requirements for family unity relief. The respondents do not argue that the petitioners are seeking to compel them to grant their family unity applications. Rather, the respondents argue that dismissal is appropriate under Rule 12(b)(6) because the three adult children "are not eligible for the <u>ultimate</u> relief they seek" (emphasis added).

The respondents argument is without merit. Regardless of whether the ultimate relief sought by the adult children is to have their I-817 Applications for Family Unity granted, they have not requested that relief from this Court in their present complaint. The complaint does not ask the Court to compel the respondents to grant the applications. Rather, and as noted above, the adult children seek to compel the respondents to accept

1  and adjudicate their timely-delivered applications as timely filed.  As the Court can grant
2  that relief, the Court will deny the respondents' motion to dismiss pursuant to Rule 12(b)(6).
3    Therefore, for good cause shown,
4    THE COURT **ORDERS** that Respondents' Motion to Dismiss (#57) is DENIED.

6  DATED this \_\_3\_\_ day of November, 2011.

                    _____
                    Lloyd D. George
                    United States District Judge